# EXHIBIT C

# EXHIBIT C

## Amy Tirre

| | |
|---|---|
| From: | Amy Tirre |
| Sent: | Friday, May 30, 2014 4:19 PM |
| To: | Holly Estes (estes@asmithlaw.com) |
| Cc: | mail@asmithlaw.com; Alan Smith; Genevieve DeLucchi (admin@amytirrelaw.com) |
| Subject: | Insurance Claim for 1000 Holly Lane |
| Importance: | High |

Holly

As we discussed, I am forwarding the information regarding BB&T's insurance company/adjuster; there is an internal and an external adjuster. Please see below. It is my understanding that the claim is at a critical juncture and Trustee Lovato needs to act immediately to ensure that the claim continues to be pursued to maximize the value of the property and make it habitable.

External Adjuster - Todd Tuel -(916) 708-8835

Eric Peeples
Claims Adjuster
Assurant Specialty Property Claims - Atlanta
Phone: (770) 763-2843
Fax:    (305) 971-1663
email:  eric.peeples@assurant.com

Claim #00101543497

As set forth in my letter last week, Jeff authorized Trevor Smith to pursue the claim with BB&T for the benefit of the buyer. The authorization specifically so states. In a separate letter, I will explain the history of the claim.

Sincerely,
Amy



Law Offices of
## AMY N. TIRRE
A Professional Corporation

Amy N. Tirre
Law Offices of Amy N. Tirre, A Professional Corporation
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
(775) 742-6681 Cell
E-mail: amy@amytirrelaw.com
Please visit my website: www.amytirrelaw.com

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is

strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

| | |
|---|---|
| **From:** | Amy Tirre |
| **To:** | Holly Estes (estes@asmithlaw.com); trusteelovato@att.net |
| **Cc:** | Genevieve DeLucchi (admin@amytirrelaw.com); mail@asmithlaw.com; sarah carrasco |
| **Subject:** | Status of Insurance Claim |
| **Date:** | Wednesday, June 04, 2014 7:21:00 PM |
| **Attachments:** | MLR625647700.00101543497.pdf |
| | image001.jpg |

Holly and Christina - Trevor Smith forwarded this letter regarding the status of the insurance claim. Please confirm receipt. Thanks, Amy

Cropped Logo



Amy N. Tirre
Law Offices of Amy N. Tirre, A Professional Corporation
3715 Lakeside Drive, Suite A
Reno, NV 89509
(775) 828-0909 Telephone
(775) 828-0914 Facsimile
(775) 742-6681 Cell
E-mail: amy@amytirrelaw.com
Please visit my website: www.amytirrelaw.com

**Confidentiality Notice:** The information contained in this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may be confidential and/or privileged. If any reader of this communication is not the intended recipient, unauthorized use, disclosure or copying is strictly prohibited, and may be unlawful. If you have received this communication in error, please immediately notify the sender by return e-mail, and delete the original message and all copies from your system. Thank you.

 **ASSURANT** Specialty Property®

Standard Guaranty Insurance Company
PO Box 740252
Atlanta, GA 30339
www.assurant.com

June 3, 2014

ALFRED JR VILLALOBOS
PO BOX 3720
STATELINE NV 89449-3720

## Claim Information

| | | | |
|---|---|---|---|
| Insured: | BRANCH BANKING AND TRUST CO | Date of Loss: | 10-01-2013 |
| Policy Number: | MLR625647700 | Reported Date: | 05-07-2014 |
| Claim Number: | 00101543497 | Additional Name: | Alfred, Jr. Villalobos |
| Cause of Loss: | All Other | Loan Number: | 6119096527 |
| Property Address: | 1000 HOLLY LN, STATELINE, NV, 89449- | | |

Dear Alfred Jr Villalobos

Please find the attached letter for your records. This is a copy of the original letter sent to Alfred Jr Villalobos on June 3, 2014.

Sincerely,

Eric Peeples
Claims Adjuster
Assurant Specialty Property Claims
T. 800-652-1262 Ext. 12843
F. 305-971-1663
E. myclaiminfo@assurant.com

cc:        Alfred Jr Villalobos


ASSURANT Specialty Property®

Standard Guaranty Insurance Company
PO Box 740252
Atlanta, GA 30339
www.assurant.com

June 3, 2014

ALFRED JR VILLALOBOS
PO BOX 3720
STATELINE NV 89449-3720

## Claim Information

| | | | |
|---|---|---|---|
| Insured: | BRANCH BANKING AND TRUST CO | Date of Loss: | 10-01-2013 |
| Policy Number: | MLR625647700 | Reported Date: | 05-07-2014 |
| Claim Number: | 00101543497 | Additional Name: | Alfred, Jr. Villalobos |
| Cause of Loss: | All Other | Loan Number: | 6119096527 |
| Property Address: | 1000 HOLLY LN, STATELINE, NV, 89449- | | |

Dear Alfred Jr Villalobos,

This letter is to advise you of the current status of your claim. It is always our goal to handle claims in the most efficient manner possible.

Your claim remains open pending receipt of the following :

- Adjusters Report

We will continue our efforts to secure this information and expect to conclude this matter within 30 days.

If you have questions about your claim, or you have additional information that you would like us to consider, please contact us at the number below. Our office hours are 8 a.m. to 5 p.m. Monday through Friday. We appreciate your business and thank you for being a valued customer.

Sincerely,

Eric Peeples
Assurant Specialty Property Claims
Claims Examiner
T. 800-652-1262 Ext. 12843
F. 305-971-1663
E. myclaiminfo@assurant.com

cc:            Alfred Jr Villalobos

Legal Notice: This letter is written without prejudice and does not provide any benefits or waive any rights between us.
Page 1 of 1
2911794/2911794

**Amy Tirre**

| | |
|---|---|
| From: | Amy Tirre |
| Sent: | Friday, June 06, 2014 11:40 AM |
| To: | trusteelovato@att.net; Holly Estes (estes@asmithlaw.com); mail@asmithlaw.com |
| Cc: | Genevieve DeLucchi (admin@amytirrelaw.com); Trevor Smith; Amy Baker; Heather Christiansen |
| Subject: | FW: 1000 Holly Insurance claim |
| Attachments: | Exhibit D.pdf |
| Importance: | High |

Holly and Christina

Please see below. Trevor Smith knows about the insurance claim and it needs to be completed now in a timely manner. I have forwarded to you the information and updates that he has forwarded to me.

Per the authorization that Jeff Hartman signed, which I previously sent to you and which is attached again for your review, Trevor was authorized to pursue the insurance claim so that the expenses paid by the liquidating trust could be reimbursed and the repairs and replacements to the property could be made. Please review the language of the attached authorization, which makes this clear.

As Trevor points out, it is in all parties' best interest to have the insurance claim brought to a conclusion and I believe that it comports with the Trustee's duties. He is the person with the most knowledge and information to move it forward; the claim has been denied twice and it's only due to Trevor's perseverance that it is being considered for the third time. He is not charging for his time so there is no need to retain him as a professional for the estate.

Please send your permission to Trevor to resume the insurance claim before the opportunity is lost. Time is of the essence.

Thanks,
Amy


**From:** Trevor Smith [mailto:trevor@smithteamcb.com]
**Sent:** Friday, June 06, 2014 11:01 AM
**To:** Amy Tirre
**Cc:** Lenny Werbin (lwerbin@cypressequity.com); Heather Christiansen; Joel Baker; Amy Baker
**Subject:** 1000 Holly Insurance claim

I would like the trustee's permission to resume this insurance claim so that it can be completed in a timely manner. The repairs for improper winterization portion is already far enough along that it does not need anything else. The replacement of the gym floor and the appliances is to the benefit of the property and all parties involved. I can complete this immediately after I satisfy the conditions the internal adjuster has asked for including a police report and an interview with Alfred Villalobos in addition to answering questions they have which, I have all the answers for. Per the internal adjuster they will issue a two party check if the claim is approved which will be for payment direct to vendors on this claim. In other words, there will be no cash proceeds to anyone involved as these funds will go directly for repairs. However, these repairs do include reimbursements to the estate as well as completion of unrepaired items. All of this benefits the property and the estate in the event the current sale is not completed for any reason. In addition, I am not charging anything for this and I have spent a great deal of time chasing this claim including

1

resubmitting on three occassions after being rejected the first two times. I would hate to see this effort wasted when we are so close to completing this claim.

As per above, I would like to complete this before the opportunity to do so is gone. If you can get me approval via email to expedite this it would be appreciated.

M. Trevor Smith
Broker NV & CA, CRS/GRI, A-REO
Coldwell Banker Select
Direct 775-831-4834 / Efax 775-831-4833
www.ttahoe.com / Facebook

| | |
|---|---|
| **From:** | Amy Tirre |
| **To:** | mail@asmithlaw.com; trusteelovato@att.net; Holly Estes (estes@asmithlaw.com) |
| **Cc:** | Genevieve DeLucchi; Trevor Smith |
| **Subject:** | FW: 1000 Holly insurance claim |
| **Date:** | Monday, June 09, 2014 4:15:10 PM |
| **Attachments:** | SS Approval to June 16, 2014.pdf |
| | fully executed arms length affidavit.pdf |
| **Importance:** | High |

Holly and Christina

I understand that you are working on the sale motion and the insurance claim has not been the focus of your attention. However, Trevor reminded me again today that time is of the essence with respect to the insurance claim. Please see below and attached.

It behooves the estate to cooperate with the quick and timely resolution of the insurance claim. Once BB&T closes on the sale and gets paid, it will have nothing to protect and the claim may not get processed. The estate would not be receiving any of the proceeds of the claim since it is BB&T's force placed insurance that gives rise to the coverage, the sale is a short sale from which the estate receives no proceeds, and the claim is designed to benefit the property through the repair of the water damage and the replacement of the appliances.

On Friday, I forwarded the authorization for the Trustee's execution to allow Trevor to take the next steps to get the claim processed since he has the background and has been working with the claims adjuster to date pursuant to the authorization that Jeff provided.

Your prompt response is needed.

Thanks,
Amy


**From:** Trevor Smith [mailto:trevor@smithteamcb.com]
**Sent:** Monday, June 09, 2014 3:49 PM
**To:** Amy Tirre
**Cc:** Lenny Werbin (lwerbin@cypressequity.com); Amy Baker; Heather Christiansen
**Subject:** 1000 Holly insurance claim
**Importance:** High

Amy-

Per our discussion, time is of the essence on this insurance claim. Per the attached short sale approval and the arm's length affidavit, no proceeds will be going to the seller on this transaction. That will include any insurance claim. The processing of this claim has always been to the benefit of the property for repairs and replacement of missing items. In addition it will include reimbursement to the trust for expenses that were already incurred for emergency repairs. My concern is that any delay will weaken our position on this claim. If we close escrow prior to the claim being finalized we have no leverage or help from BB&T. They are our allies in this process currently as they have to

protect their interests which includes the condition of the property. However, once closed, they don't have anything to protect.

The adjuster has asked for a police report and an interview with AJ Villalobos, both of which I can arrange and complete within a couple of days. This will allow the internal adjuster to make a final decision on both claims and we can move forward with repairs and replacement parts orders. I am confident that the two party checks that the insurance will issue, will not be cashable by the trust or any third party. They will be payable to the vendors doing the repairs and replacements only. I would like to make sure that the trustee realizes that I do not control the funds we might be able to recover for this claim. I also don't want to see this as missed opportunity that greatly benefits the property and any buyer that purchases this property.

Thank you for forwarding this to the trustee to consider.

M. Trevor Smith
Broker NV & CA, CRS/GRI, A-REO
Coldwell Banker Select
Direct 775-831-4834 / Efax 775-831-4833
www.ttahoe.com / Facebook

## AFFIDAVIT OF ARMS LENGTH TRANSACTION
### BB&T Mortgage Short Sale Requirement

Loan # _____      MLS Listing # _____

Pursuant to a residential purchase agreement ("Agreement"), the parties identified below as "Seller(s)" and "Buyer(s)", "respectively, are involved in a real estate transaction whereby the real property commonly known as _1000 Holly LN DR_ ("Property") will be sold by Seller(s) to Buyer(s).
*Property Street Address*

BB&T ("Lender") holds a deed of trust, mortgage or security deed against Property. In order to complete the sale of Property, Seller(s) and Buyer(s) have jointly asked Lender to accept less than the total amount owed on the loan which is secured by the deed of trust, mortgage, or security deed. Lender, in consideration for the representations made below by Seller(s), Buyer(s), and their respective agents, agrees to a short sale and to release its deed of trust, mortgage or security deed on the express condition that Seller(s), Buyer(s), and their respective agents (including, without limitation, real estate agents, and title agents) each truthfully represents, affirms, and states as follows:

1. The purchase and sale transaction reflected in the Agreement is bonafide, Arm's Length Transaction, meaning that the transaction has been negotiated by unrelated parties, each of whom is acting in his or her own self-interest, and that the sale price represents fair market value of the Property. With respect to those persons signing this affidavit as an agent for either Seller(s), Buyer(s), or both, those agents are acting in the best interests of their respective principal(s).

2. No Buyer or agent of Buyer(s) is a family member or business associate of the Seller(s) or agent of the Seller(s).

3. No Buyer or agent of Buyer(s) shares a business interest with the Seller(s) or agent of the Seller(s).

4. There are no hidden terms or hidden agreements or special understandings between the Seller(s) and the Buyer(s) or among their respective agents which are not reflected in the Agreement or the closing instructions associated with this transaction.

5. There is no agreement, whether oral, written, or implied, between the Seller(s) and the Buyer(s) and/or their respective agents which allows the Seller(s) to remain in the property as tenants or to regain ownership of the Property at any time after the consummation of this sale transaction.

6. There is no agreement, whether oral, written, or implied, between the Seller(s) and the Buyer(s) and/or their respective agents of the intent of immediate resale of this property within 90 days.

7. The Seller(s) shall not receive any proceeds from the sale of the Property.

8. No agent of either the Seller(s) or the Buyer(s) shall receive any proceeds from this transaction except as is reflected in the final estimated closing statement which shall be provided to Lender for approval prior to the closing.

9. Each signatory to this Affidavit expressly acknowledges that Lender is relying upon the representations made herein as consideration for accepting less than the full amount owed on the loan(s) and releasing the deed of trust, mortgage, or security deed encumbering the Property.

10. Each signatory to this Affidavit expressly acknowledges that any misrepresentation made by him or her subject him or her to civil liability.

I/We declare under penalty of perjury that all statements made in this Affidavit are true and correct.

| Seller Representation | Buyer Representation |
|---|---|
| JEFFREY L. HARTMAN, TRUSTEE <br> Primary Seller *(Print Name)* | _____ <br> Primary Buyer *(Print Name)* |
| *[signature]* <br> Primary Seller *(Signature)* | _____ <br> Primary Buyer *(Signature)* |
| 11/5/2013 <br> Date | _____ <br> Date |
| _____ <br> Secondary Seller *(Print Name)* | _____ <br> Secondary Buyer *(Print Name)* |
| _____ <br> Secondary Seller *(Signature)* | _____ <br> Secondary Buyer *(Signature)* |
| _____ <br> Date | _____ <br> Date |
| _____ <br> Seller's Agent *(Print Name)* | _____ <br> Buyer's Agent *(Print Name)* |
| _____ <br> Seller's Agent *(License No.)* | _____ <br> Buyer's Agent *(License No.)* |
| _____ <br> Seller's Agent *(Signature)* | _____ <br> Buyer's Agent *(Signature)* |
| _____ <br> Date | _____ <br> Date |

*The intent of this document is to initiate the short sale review process and does not, in any way, extend or guarantee approval.*

8. No agent of either the Seller(s) or the Buyer(s) shall receive any proceeds from this transaction except as is reflected in the final estimated closing statement which shall be provided to Lender for approval prior to the closing.

9. Each signatory to this Affidavit expressly acknowledges that Lender is relying upon the representations made herein as consideration for accepting less than the full amount owed on the loan(s) and releasing the deed of trust, mortgage, or security deed encumbering the Property.

10. Each signatory to this Affidavit expressly acknowledges that any misrepresentation made by him or her subject him or her to civil liability.

I/We declare under penalty of perjury that all statements made in this Affidavit are true and correct.

| *Seller Representation* | *Buyer Representation* |
|---|---|
| _____ | LEOWANA WERKIN |
| Primary Seller *(Print Name)* | Primary Buyer *(Print Name)* |
| _____ | [signature] |
| Primary Seller *(Signature)* | Primary Buyer *(Signature)* |
| _____ | 11/5/13 |
| Date | Date |
| _____ | _____ |
| Secondary Seller *(Print Name)* | Secondary Buyer *(Print Name)* |
| _____ | _____ |
| Secondary Seller *(Signature)* | Secondary Buyer *(Signature)* |
| _____ | _____ |
| Date | Date |
| _____ | M. TREVOR SMITH |
| Seller's Agent *(Print Name)* | Buyer's Agent *(Print Name)* |
| _____ | BS.0033753 |
| Seller's Agent *(License No.)* | Buyer's Agent *(License No.)* |
| _____ | [signature] |
| Seller's Agent *(Signature)* | Buyer's Agent *(Signature)* |
| _____ | 11/5/13 |
| Date | Date |

*The intent of this document is to initiate the short sale review process and does not, in any way, extend or guarantee approval.*

Page 2 of 2

8. No agent of either the Seller(s) or the Buyer(s) shall receive any proceeds from this transaction except as is reflected in the final estimated closing statement which shall be provided to Lender for approval prior to the closing.

9. Each signatory to this Affidavit expressly acknowledges that Lender is relying upon the representations made herein as consideration for accepting less than the full amount owed on the loan(s) and releasing the deed of trust, mortgage, or security deed encumbering the Property.

10. Each signatory to this Affidavit expressly acknowledges that any misrepresentation made by him or her subject him or her to civil liability.

I/We declare under penalty of perjury that all statements made in this Affidavit are true and correct.

*Seller Representation*

Primary Seller *(Print Name)*

Primary Seller *(Signature)*

Date

Secondary Seller *(Print Name)*

Secondary Seller *(Signature)*

Date

Seller's Agent *(Print Name)*

Seller's Agent *(License No.)*

Seller's Agent *(Signature)*

Date

*Buyer Representation*

LEONARD WERIN
Primary Buyer *(Print Name)*

[signature]
Primary Buyer *(Signature)*

12/18/13
Date

Nancy Werbin
Secondary Buyer *(Print Name)*

[signature]
Secondary Buyer *(Signature)*

12/18/13
Date

Buyer's Agent *(Print Name)*

Buyer's Agent *(License No.)*

Buyer's Agent *(Signature)*

Date

*The intent of this document is to initiate the short sale review process and does not, in any way, extend or guarantee approval.*

Page 2 of 2



**Branch Banking and Trust Company**

Mortgage
P.O. Box 2128
Greenville, SC 29602-2128
Toll Free (800) 827-3722

May 6, 2014

Alfred Villalobos
PO Box 3720
Stateline, NV 89449

RE: Mortgage Loan: 6119096527
1000 Holly Ln
Stateline, NV 89449

Dear Mr. Villalobos:

Pursuant to your request, Branch Banking and Trust Company ("BB&T") is willing to accept the net proceeds from your sale of the above referenced property in an amount which shall not be less than $1,711,646.03 to release its first lien encumbering said property, subject to the following conditions:

1) The sale and purchase of this property must be closed on/before June 16, 2014.
2) All proceeds from this sale will be forwarded to BB&T, Attn: Emily Cain, 301 College Street, Greenville, SC 29601 in certified funds along with a signed copy of the HUD1. No cash/proceeds will be disbursed to you or any other person/entity.
3) The transaction will close as outlined on the proposed HUD-1 settlement statement that you or your authorized agent provided to BB&T showing a sales price of $1,850,000.00 and net proceeds of $1,711,646.03. Any change of the HUD1 terms must be reviewed and approved by BB&T prior to your closing. All requests for changes including extensions may be subject to the requirement of additional net proceeds.
4) Upon receipt of the net sales proceeds identified above, BB&T will release its security interest in the property being sold. As agreed, BB&T will release you from liability for the repayment of the remaining balance that is owed to BB&T. It is specifically understood by you that we are accepting an amount that is less than the full amount owed to us in order to facilitate your sale of the property.
5) Full compliance by all parties of signed Affidavit of Arm's Length Transaction dated 12/20/2013.

This letter serves as our demand letter. If the above conditions are not satisfied, this offer will be considered null and void. BB&T reserves the right to rescind this short sale approval until the certified funds/wire and final HUD1 Settlement are received. Additionally the closing of this short sale immediately assigns any positive escrow funds, insurance proceeds, or refunds from pre-paid expenses, to BB&T to the extent that these funds, in combination with the above agreed upon net proceeds, do not exceed the contractual full payoff requirements of this loan.

The loan is to be reported as "settled" (loan paid in full for less than the full balance) to the appropriate credit repositories. Successful short sales do not alter previously reported payment history nor impact any negative consequences thereof. A 1099 will be issued where required by law. BB&T encourages you to consult with legal counsel regarding the matters contained herein regarding how the acceptance of this Short Sale will affect your credit and financial status prior to executing this agreement at closing.

This approval letter is intended to for the sole purpose of the lien secured by the loan number referenced above and makes no representations or warranties to other existing liens nor to clear marketable title. Sellers/Buyers must satisfy or negotiate the release of all additional liens.

Yours truly,

Emily Cain
1-800-827-3722 Ext 29540
Loss Mitigation Specialist
BB&T Mortgage Servicing

Please mail all notices of error and requests for information to:
BB&T MSCR Department, PO Box 3307, Greenville, SC 29602